IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JOHN H. JENKINS,

        Plaintiff,

v.                       Civil Action No. 5:08cv173
                          (Judge Stamp)

NORTH CENTRAL REGIONAL JAIL,
C/O LARCEN, C/O REID, GEORGE
TRENT, TERRY MILLER, JOHN KING
AND HENRY ROBINSON,

        Defendants.

## OPINION/REPORT AND RECOMMENDATION

The *pro se* plaintiff initiated this case on November 24, 2008, by filing a civil rights complaint against the above-named defendants. On January 12, 2009, the plaintiff was granted permission to proceed as a pauper. Due to his financial status, the plaintiff was not assessed an initial partial filing fee. Accordingly, this case is before the undersigned for an initial review and report and recommendation pursuant to 28 U.S.C.§§ 1915(e) and 1915A and LR PL P 83.01, et seq.

### I. The Complaint

In the complaint, the plaintiff asserts that on or about October 2008, defendant Larcen began sexually harassing him. Moreover, defendant Larcen has conducted such harassment in front of other inmates. As a result, the plaintiff asserts that other inmates now have the idea that they can touch him inappropriately.

Around the same time, defendant Reid also began sexually harassing the plaintiff. In one instance, the plaintiff asked defendant Reid to "roll his door" so the plaintiff could go to the bathroom in private. Defendant Reid allegedly called out over the intercom that the plaintiff was

half female and also called the plaintiff a "queer." The plaintiff asserts that because of defendant Reid's behavior, he wet his pants in front of another inmate.[1] The plaintiff filed grievances as to these incidents.

Shortly thereafter, as the plaintiff was on his way to the medical unit, defendant Larcen pulled him into an interview room where he screamed at, and threatened, the plaintiff. The plaintiff asserts that he was so scared after this incident, that he quit going to medical to receive his diabetic shots and heart pills. When later approached by a nurse as to why he was no longer receiving his medications, the plaintiff told the nurse of the incident with defendant Larcen. The nurse explained to the plaintiff that his health was more important than anything defendant Larcen was doing and convinced him to resume going to medical for his treatments. Additionally, the nurse informed the facility's administrator, George Trent, of the situation. The plaintiff asserts, however, that nothing was done.

The plaintiff asserts that since the harassment by the defendants began, his medical conditions have worsened. Moreover, he is now on medication for depression.

## II. Standard of Review

Because the plaintiff is a prisoner seeking redress from a governmental entity or employee, the Court must review the amended complaint to determine whether it is frivolous or malicious. Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

---

[1] At the time, the plaintiff was on water pills and other medication that made it difficult for him to control his bowel movements.

A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). However, the Court must read *pro se* allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519, 520 (1972). A complaint which fails to state a claim under Fed.R.Civ.P. 12(b)(6) is not automatically frivolous. See Neitzke at 328. Frivolity dismissals should only be ordered when the legal theories are "indisputably meritless,"[2] or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992). This includes claims in which the plaintiff has little or no chance of success. See Estelle v. Gamble, 429 U.S. 97, 106 (1976).

### III. Analysis

**A. Defendants North Central Regional Jail**

Title 42 U.S.C. § 1983 provides that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

Thus, in order to state a successful claim under § 1983, the plaintiff must demonstrate that a person acting under color of state law deprived him of a right guaranteed by the Constitution or federal laws. Rendall-Baker v. Kohn, 457 U.S. 830, 838 (1982).

---

[2] Id. at 327.

Here, the plaintiff cannot establish that the North Central Regional Jail is a "person" for purposes of § 1983. Brooks v. Pembroke City Jail, 722 F.Supp. 1294, 1301 (E.D.N.C.1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."); see also Will v. Michigan Dept. Of State Police, 491 U.S. 58, 71 (1989) ("Neither a State nor its officials acting in their official capacities are 'persons' under § 1983"); Preval v. Reno, 203 F.3d 821 (4th Cir. 2000)(unpublished) ("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under §42 U.S.C. 1983"); Roach v. Burch, 825 F. Supp. 116 (N.D.W.Va. 1993) (The West Virginia Regional Jail Authority is "in effect the State of West Virginia" and is not a person under § 1983). Accordingly, the plaintiff fails to state a claim against North Central Regional Jail and that defendant should be dismissed from this action.

**B. Terry Miller, John King, Henry Robinson**

Liability under § 1983 is "personal, based upon each defendant's own constitutional violations." Trulock v. Freeh, 275 F.3d 391, 402 (4th Cir.2001)(internal citation omitted). Therefore, in order to establish liability under § 1983, the plaintiff must specify the acts taken by each defendant which violate his constitutional rights. See Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994); Colburn v. Upper Darby Township, 838 F.2d 663, 666 (3rd Cir. 1988). Some sort of personal involvement on the part of the defendant and a causal connection to the harm alleged must be shown. See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986). *Respondeat superior* cannot form the basis of a claim for a violation of a constitutional right in a Bivens case. Rizzo v. Good, 423 U.S. 362 (1976).

In this case, the plaintiff does not allege that defendants Miller, King or Robinson were personally involved in any violation of his constitutional rights. Rather, the plaintiff files copies of

grievances either sent to, or responded to, by Miller, King and Robinson. Thus, the plaintiff has, at best, alleged that defendants Miller, King and Robinson were involved in the incidents giving rise to the complaint, only to the extent that they were involved in the denial of the plaintiff's administrative grievances. Nevertheless, that is not the type of personal involvement required to state a constitutional claim under § 1983. See Paige v. Kupec, 2003 WL 23274357 *1 (D.Md. March 31, 2003). Thus, it appears that the plaintiff has only established, thus far, that Miller, King and Robinson acted in their official capacities as the Executive Director, Chief of Operations and Deputy Chief of Operations for the West Virginia Regional Jail Authority, respectively. However, official capacity claims "generally represent only another way of pleading an action against an entity of which an officer is an agent." Kentucky v. Graham, 473 U.S. 159, 165 (1985) (citation and quotations omitted). Therefore, suits against state officials in their official capacities should be treated as suits against the state. Id. at 166. In order for the governmental entity to be a proper party of interest, the entity's policy or custom must have played a part in the violation. Id. (citing Monell v. New York City Dept. of Social Services, 436 U.S. 658, 694 (1978)). In this case, the plaintiff fails to assert that a policy or custom of the entity played a part in the alleged violation of his constitutional rights.

It is possible, however, that the plaintiff also attempts to name Miller, King and Robinson in their supervisory capacities. All the same, as previously noted, there is no *respondeat superior* liability under § 1983. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Vinnedge v. Gibbs, 550 F. 2d 926, 928 (4th Cir. 1997). Instead, "liability will lie where it is affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights." Vinnedge, supra. When a supervisor is not personally involved in the alleged wrongdoing,

he may be liable under §1983 if a subordinate acts pursuant to an official policy or custom for which he is responsible. Fisher v. Washington Metropolitan Area Transit Authority, 690 F. 2d 1113 (4th Cir. 1982). Similarly, a supervisor may be liable under § 1983 if the following elements are established: "(1) the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a 'pervasive and unreasonable risk' of constitutional injury to citizens like the plaintiff; (2) the supervisor's response to that knowledge was so inadequate as to show 'deliberate indifference to or tacit authorization of the alleged offensive practices,' and (3) there was an 'affirmative causal link' between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff." Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir.), cert. denied, 513 U.S. 813 (1994).[3]

In this instance, the plaintiff fails to make any allegations which reveal the presence of the required elements for supervisory liability. Consequently, the plaintiff fails to state a claim against defendants Miller, King and Robinson, and cannot maintain an action against those defendants. Thus, defendants Miller, King and Robinson should be dismissed as defendants in this action.

**C.   Defendants Larcen and Reid**

Upon due consideration of the claims alleged in the complaint, the undersigned is of the opinion that the plaintiff's claims against defendants Larcen and Reid should not be summarily dismissed. Instead, the undersigned believes that defendants Larcen and Reid should be made to answer the complaint.

---

[3] "Establishing a 'pervasive' and 'unreasonable' risk of harm requires evidence that the conduct is widespread, or at least has been used on several different occasions and that the conduct engaged in by the subordinate poses an unreasonable risk of harm or constitutional injury." Shaw, 13 F.3d at 799. "A plaintiff may establish deliberate indifference by demonstrating a supervisor's 'continued inaction in the face of documented widespread abuses.'" Id.

## IV. Recommendation

For the reasons set forth herein, the undersigned recommends:

(1) the plaintiff's claims against the North Central Regional Jail be **DISMISSED with prejudice** pursuant to 28 U.S.C. §§ 1915A and 1915(e) for the failure to state a claim for which relief may be granted;

(2) the plaintiff's claims against defendants Miller, King and Robinson be **DISMISSED with prejudice** pursuant to 28 U.S.C. §§ 1915A and 1915(e) for the failure to state a claim; and

(3) that the plaintiff's claims against defendants Larcen and Reid **PROCEED**, and those defendants be **SERVED** with a copy of a twenty (20) day summons and the complaint through the United States Marshal Service.

Within ten (10) days after being served with a copy of this Opinion/Recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable Frederick P. Stamp, Jr., United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Opinion/Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket.

DATED: February 25, 2009.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE