IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JOHN H. JENKINS,

     Plaintiff,

v.                             Civil Action No. 5:08CV173
                                          (STAMP)

NORTH CENTRAL REGIONAL JAIL,
C/O LARCEN, C/O REID,
GEORGE TRENT, TERRY MILLER,
JOHN KING and HENRY ROBINSON,

     Defendants.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE AS SUBMITTED
AND REMANDING TO MAGISTRATE JUDGE
FOR CONSIDERATION OF CLAIMS
AGAINST DEFENDANT GEORGE TRENT**

I.  Procedural History

The pro se[1] plaintiff, John H. Jenkins, initiated this civil

action by filing a complaint pursuant to 42 U.S.C. § 1983, in which

he alleges that he was sexually harassed and threatened by two

correctional officers and that his complaints were ignored by other

prison officials when he filed grievances.  The case was referred

to United States Magistrate Judge John S. Kaull for initial review

and recommendation pursuant to Local Rule of Prisoner Litigation

Procedure 83.01 et seq. and 28 U.S.C. §§ 1915(e) and 1915A.  The

magistrate judge issued a report and recommendation recommending

that the plaintiff's complaint be dismissed in part as to certain

---

[1]"Pro se" describes a person who represents himself in a court
proceeding without the assistance of a lawyer.  Black's Law
Dictionary 1237 (7th ed. 1999).

defendants, and that the plaintiff's civil action proceed against other defendants. The magistrate judge advised the parties that, pursuant to 28 U.S.C. § 636(b)(1)(C), any party may file written objections to his proposed findings and recommendations within ten days after being served with a copy of the magistrate judge's recommendation. The parties filed no objections. For the reasons set forth below, this Court affirms and adopts the magistrate judge's report and recommendation, as submitted and without objection. However, although the report and recommendation mentions the plaintiff's claim against defendant George Trent, the magistrate judge does not address that claim. Consequently, this action will be remanded to the magistrate judge for consideration of the plaintiff's claim against defendant George Trent only.

## II. Facts

This Court believes that a full recitation of the facts in this case is unnecessary here. Accordingly, this Court relies on the detailed recitation of facts provided in section I of Magistrate Judge Kaull's report and recommendation. An abbreviated review of the relevant facts follows below.

In his complaint, the plaintiff alleges that two Correctional Officers, defendants Larcen and Reid, sexually harassed the plaintiff, who is a pre-operative transsexual, in front of other inmates. According to the plaintiff, the harassment by these defendants has caused other inmates to believe that they can touch the plaintiff inappropriately. He also alleges that defendant

Reid's conduct caused him to urinate on himself in front of another inmate.[2]  The plaintiff further alleges that on one occasion when he was walking to the medical unit, he passed defendant Larcen, who pulled him into an available room and began screaming and threatening him.  The plaintiff claims that this incident frightened him so much that he stopped going to the medical unit to receive his medication.  The plaintiff states that he filed administrative grievances, which were denied, and that prison officials have taken no action to stop the harassment and threats.  In his complaint, the plaintiff names as defendants not only Correctional Officers Larcen and Reid, but also the Northern Regional Jail, George Trent, Terry Miller, John King, and Henry Robinson.

### III.  Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made.  However, failure to file objections to the magistrate judge's proposed findings and recommendations permits the district court to review the recommendation under the standards that the district court believes are appropriate and, under these circumstances, the parties' right to de novo review is waived.  See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979).  Here, no party filed objections.

---

[2]At the time of the incident, the plaintiff was taking medication that caused him lose full control of his bladder and bowel functions.

Accordingly, this Court reviews the report and recommendation of the magistrate judge for clear error.

## IV. Discussion

### A. Defendant North Central Regional Jail

Title 42, United States Code, Section 1983 provides redress for state action which deprives a citizen of a right, privilege or immunity ensured by the Constitution or law of the United States. See 42 U.S.C. § 1983. In his report and recommendation, the magistrate judge recommended that the plaintiff's complaint as to North Central Regional Jail be dismissed with prejudice. Section 1983 prohibits any "person" from causing a deprivation of legal rights to any United States citizens under the color of State law. However, the North Central Regional Jail does not constitute a "person" for the purposes of 42 U.S.C. § 1983. See Will v. Mich. Dept. of State Police, 491 U.S. 58, 71 (1989) (holding that "[n]either a State nor its officials acting in their official capacity are 'persons' under § 1983"); see also Roach v. Burch, 825 F. Supp. 116, 117 (N.D. W. Va. 1993) (the West Virginia Regional Jail Authority is "in effect the State of West Virginia" and is not a person under § 1983); Preval v. Reno, 203 F.3d 821, 821 (4th Cir. 2000) (unpublished) ("the Piedmont Regional Jail is not a 'person,' and is therefore not amenable to suit under 42 U.S.C. § 1983"). This Court finds no clear error in the magistrate judge's conclusion that the North Central Regional Jail is not a proper party to this action.

B.  <u>Defendants Terry Miller, John King, and Henry Robinson</u>

The magistrate judge, in his report and recommendation, recommended that defendants Terry Miller, John King, and Henry Robinson be dismissed from this case because the plaintiff fails to state a claim for which relief can be granted against these defendants.  The magistrate judge correctly noted that "liability will only lie where it is affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights," <u>Vinnedge v. Gibbs</u>, 550 F.2d 926, 928 (4th Cir. 1977), or where a subordinate acts pursuant to a policy or custom for which the supervisor is responsible.  <u>Fisher v. Wash. Metro. Area Transit Auth.</u>, 690 F.2d 1133, 1143 (4th Cir. 1982), <u>abrogated on other grounds by</u> <u>County of Riverside v. McLaughlin</u>, 500 U.S. 44 (1991).

In this case, the magistrate judge determined that the plaintiff failed to make any specific allegations that defendants Miller, King, and Robinson were personally involved in any alleged deprivation of the plaintiff's constitutional rights.  Thus, the magistrate judge found that the plaintiff fails to state a claim against defendants Miller, King, and Robinson in their personal capacities.[3]

---

[3]Rule 8(a) of the Federal Rules of Civil Procedure states, in pertinent part, that "[a] pleading that states a claim for relief must contain . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief."  "And, although the pleading requirements of Rule 8(a) are very liberal, more detail often is required than the bald statement by plaintiff that he has a valid claim of some type against defendant."  <u>Migdal v. Rowe Price-Fleming Int'l, Inc.</u>, 248 F.3d 321, 326 (4th Cir. 2001) (citation and internal quotations omitted).  This is especially

To the extent that the plaintiff alleges that these defendants are liable in their official capacities, the magistrate judge also determined that the plaintiff fails to state a claim in that respect. An official capacity suit is to be treated as a suit against the entity, here the state. Kentucky v. Graham, 473 U.S. 159, 166 (1985). The state may be liable under § 1983 when "execution of the government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." Id. Here, as the magistrate judge correctly observes, the plaintiff asserts no allegations that the deprivation of his constitutional rights was the result of a policy or custom. Accordingly, the plaintiff's complaint states no claim against the state through his allegations against these defendants in their official capacities.

Finally, to the extent that the plaintiff seeks to name defendants Miller, King, and Robinson in their supervisory capacities, his claims still must fail, as the magistrate judge correctly concluded. A supervisor may be liable under § 1983 if the following elements are established: "(1) the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a 'pervasive and unreasonable risk' of constitutional injury to citizens like the plaintiff; (2) the

---

true under § 1983 where liability is "personal, based upon each defendant's own constitutional violations." Trulock v. Freeh, 275 F.3d 391, 402 (4th Cir. 2001).

supervisor's response to that knowledge was so inadequate as to show 'deliberate indifference to or tacit authorization of the alleged offensive practices;' and (3) there was an 'affirmative casual link' between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff." <u>Shaw v. Stroud</u>, 13 F.3d 791, 799 (4th Cir. 1994), <u>cert. denied</u>, 513 U.S. 813 (1994). This Court finds no clear error in the magistrate judge's determination that the plaintiff fails to make any allegations showing the required elements for supervisory liability.

In sum, because the plaintiff fails to state a claim upon which relief can be granted as to defendants Miller, King, and Robinson, the plaintiff's claims against these defendants, in their personal, official, and supervisory capacities, must be dismissed with prejudice.

C.   <u>Defendants Larcen and Reid</u>

The plaintiff asserts that defendants Larcen and Reid violated his constitutional rights by sexually harassing the plaintiff. Magistrate Judge Kaull recommended that upon due consideration of the claims alleged in the complaint, the plaintiff's claims against defendant Larcen and defendant Reid be permitted to proceed, and that these defendants be made to answer the complaint. This Court finds no clear error in the magistrate judge's recommendation.

## V.   <u>Conclusion</u>

Because the parties have not objected to the report and recommendation of the magistrate judge, and because this Court

finds that the magistrate judge's recommendation is not clearly erroneous, the report and recommendation of the magistrate judge, as submitted and without objection, is hereby AFFIRMED and ADOPTED in its entirety.  Accordingly, for the reasons set forth above, the plaintiff's § 1983 claims against defendants North Central Regional Jail, Terry Miller, John King, and Henry Robinson are DISMISSED WITH PREJUDICE.  The plaintiff's claims against defendants Larcen and Reid shall PROCEED, and those defendants shall be SERVED with a copy of a twenty (20) day summons and the complaint through the United States Marshals Service.  The Court notes that the report and recommendation, after mentioning the plaintiff's claim against George Trent, does not proceed to address that claim.  Therefore, this action is REMANDED to the magistrate judge for consideration of the plaintiff's claim against defendant George Trent only.

Finally, this Court finds that the plaintiff was properly advised by the magistrate judge that failure to timely object to the report and recommendation in this action will result in a waiver of appellate rights.  Thus, the plaintiff's failure to object to the magistrate judge's proposed findings and recommendation bars the plaintiff from appealing the judgment of this Court.  See 18 U.S.C. § 636(b)(1); Wright v. Collins, 766 F.2d 841, 845 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this memorandum opinion and order to the pro se plaintiff by certified mail and to counsel of record herein.

DATED:    June 30, 2009

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE