# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**JOHN H. JENKINS,**

        **Plaintiff,**

**v.**                                          **Civil Action No. 5:08cv173**
                                                   **(Judge Stamp)**

**NORTH CENTRAL REGIONAL JAIL,**
**C/O LARCEN, C/O REID, GEORGE**
**TRENT, TERRY MILLER, JOHN KING**
**AND HENRY ROBINSON,**

        **Defendants.**

## SUPPLEMENTAL OPINION/REPORT AND RECOMMENDATION

### I. Procedural History

On June 30, 2009, the Honorable Frederick P. Stamp, Jr., United States District Judge, issued a Memorandum Opinion and Order adopting the undersigned's initial Opinion/Report and Recommendation ("R&R"). (Dckt. 19). More specifically, Judge Stamp dismissed with prejudice, the plaintiff's claims against defendants North Central Regional Jail, Terry Miller, John King and Henry Robinson. In addition, Judge Stamp directed that the plaintiff's claims against C/O Reid and C/O Larcen proceed and that those defendants be served with a summons and complaint. Judge Stamp also noted that in the initial R&R, the undersigned failed to address the plaintiff's claims against George Trent and remanded the case to the undersigned for consideration of that claim.

### II. The Complaint

The basis of the plaintiff's complaint is that he was sexually harassed by defendants Larcen

and Reid.[1] The plaintiff further asserts that because such harassment was done in front of other inmates, those inmates now believe that they can touch the plaintiff in inappropriate ways. In addition, the plaintiff asserts that defendants Reid and Larcen also harassed him in other ways which violated the plaintiff's constitutional rights. It appears that the plaintiff filed grievances related to these issues. As to defendant Trent, the plaintiff asserts that defendant Trent was advised of this situation, but did nothing.

### III. Standard of Review

Because the plaintiff is a prisoner seeking redress from a governmental entity or employee, the Court must review the complaint to determine whether it is frivolous or malicious. Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). However, the Court must read *pro se* allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519, 520 (1972). A complaint which fails to state a claim is not automatically frivolous. See Neitzke at 328. Frivolity dismissals should only be ordered when the legal theories are "indisputably meritless,"[2] or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992). This includes claims in which the plaintiff has little or no chance of success. See Estelle v. Gamble, 429 U.S. 97, 106

---

[1] A complete recitation of the facts alleged in the complaint is set forth in the initial Opinion/Report and Recommendation. (Dckt. 15).

[2] *Id.* at 327.

2

(1976).

## IV. Analysis

Liability under § 1983 is "personal, based upon each defendant's own constitutional violations." Trulock v. Freeh, 275 F.3d 391, 402 (4th Cir.2001)(internal citation omitted). Therefore, in order to establish liability under § 1983, the plaintiff must specify the acts taken by each defendant which violate his constitutional rights. See Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994); Colburn v. Upper Darby Township, 838 F.2d 663, 666 (3rd Cir. 1988). Some sort of personal involvement on the part of the defendant and a causal connection to the harm alleged must be shown. See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986). *Respondeat superior* cannot form the basis of a claim for a violation of a constitutional right in a Bivens case. Rizzo v. Good, 423 U.S. 362 (1976).

In this case, the plaintiff does not allege that defendant Trent was personally involved in any violation of his constitutional rights. At best, the plaintiff asserts that defendant Trent was advised of an alleged violation of his constitutional rights, but did nothing. Thus, it appears that the plaintiff's claims against Trent are official capacity claims.[3] However, official capacity claims "generally represent only another way of pleading an action against an entity of which an officer is an agent." Kentucky v. Graham, 473 U.S. 159, 165 (1985) (citation and quotations omitted). Therefore, suits against state officials in their official capacities should be treated as suits against the state. *Id.* at 166. In order for the governmental entity to be a proper party of interest, the entity's policy or custom must have played a part in the violation. *Id.* (citing Monell v. New York City Dept. of Social Services, 436 U.S. 658, 694 (1978)). In this case, the plaintiff fails to assert that a policy

---

[3] Trent is the Administrator of the North Central Regional Jail.

3

or custom of the entity played a part in the alleged violation of his constitutional rights.

Alternately, it appears that the plaintiff's claims against Trent arise out of his supervisory responsibilities. Nonetheless, there is no *respondeat superior* liability under § 1983. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Vinnedge v. Gibbs, 550 F. 2d 926, 928 (4th Cir. 1997). Instead, "liability will lie where it is affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights." Vinnedge, *supra*. When a supervisor is not personally involved in the alleged wrongdoing, he may be liable under §1983 if a subordinate acts pursuant to an official policy or custom for which he is responsible. Fisher v. Washington Metropolitan Area Transit Authority, 690 F. 2d 1113 (4th Cir. 1982). Similarly, a supervisor may be liable under § 1983 if the following elements are established: "(1) the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a 'pervasive and unreasonable risk' of constitutional injury to citizens like the plaintiff; (2) the supervisor's response to that knowledge was so inadequate as to show 'deliberate indifference to or tacit authorization of the alleged offensive practices,' and (3) there was an 'affirmative causal link' between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff." Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir.), cert. denied, 513 U.S. 813 (1994).[4]

In this instance, the plaintiff fails to make any allegations which reveal the presence of the required elements for supervisory liability. Consequently, the plaintiff fails to state a claim against

---

[4] "Establishing a 'pervasive' and 'unreasonable' risk of harm requires evidence that the conduct is widespread, or at least has been used on several different occasions and that the conduct engaged in by the subordinate poses an unreasonable risk of harm or constitutional injury." Shaw, 13 F.3d at 799. "A plaintiff may establish deliberate indifference by demonstrating a supervisor's 'continued inaction in the face of documented widespread abuses.'" *Id.*

defendant Trent and cannot maintain an action against him.[5]

## V. Recommendation

For the forgoing reasons, the undersigned recommends that the plaintiff's claims against defendant George Trent be **DISMISSED with prejudice** for the failure to state a claim upon which relief may be granted.

Within ten (10) days after being served with a copy of this Opinion/Recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable Frederick P. Stamp, Jr., United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Supplemental Opinion/Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket, and to counsel of record via electronic means.

DATED: July 7, 2009.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE

---

[5] To the extent that the plaintiff alleges that Trent was involved in the denial of his administrative grievances, that is not the type of personal involvement required to state a constitutional claim under § 1983. See Paige v. Kupec, 2003 WL 23274357 *1 (D.Md. March 31, 2003).