IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JOHN H. JENKINS,

       Plaintiff,

v.                                      Civil Action No. 5:08CV173
                                                          (STAMP)
NORTH CENTRAL REGIONAL JAIL,
C/O LARCEN, C/O REID,
GEORGE TRENT, TERRY MILLER,
JOHN KING and HENRY ROBINSON,

       Defendants.


              **MEMORANDUM OPINION AND ORDER
              AFFIRMING AND ADOPTING MAGISTRATE
              JUDGE'S REPORT AND RECOMMENDATION**

                    I.  Procedural History

     The plaintiff, John H. Jenkins, proceeding pro se[1] and in forma pauperis,[2] filed a complaint on November 24, pursuant to 42 U.S.C. § 1983, in which he alleges that he was sexually harassed and threatened by two correctional officers and that his complaints were ignored by other prison officials when he filed grievances. The case was referred to United States Magistrate Judge John S. Kaull for initial review and recommendation pursuant to Local Rule of Prisoner Litigation Procedure 83.01 et seq. and 28 U.S.C. §§ 1915(e) and 1915A.  The magistrate judge issued a report and

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1341 (9th ed. 2009).

[2] "In forma pauperis" describes the permission granted to a poor person to proceed without liability for court fees or costs. Black's Law Dictionary 849 (9th ed. 2009).

recommendation, which this Court affirmed and adopted.  However, although the report and recommendation mentioned the plaintiff's claim against defendant George Trent, administrator of the North Central Regional Jail, the magistrate judge did not address that claim.  Consequently, this action was remanded to the magistrate judge for consideration of the plaintiff's claim against defendant Trent only.

The magistrate judge issued a supplemental report and recommendation recommending that the plaintiff's complaint be dismissed as to defendant Trent.  The magistrate judge advised the parties that, pursuant to 28 U.S.C. § 636(b)(1)(C), any party may file written objections to his proposed findings and recommendations within ten days after being served with a copy of the magistrate judge's recommendation.  The parties filed no objections.  For the reasons set forth below, this Court affirms and adopts the magistrate judge's report and recommendation, as submitted and without objection.

## II. Facts

In his complaint, the plaintiff alleges that two Correctional Officers, defendants Larcen and Reid, sexually harassed the plaintiff, who is a pre-operative transsexual, in front of other inmates.  According to the plaintiff, the harassment by these defendants has caused other inmates to believe that they can touch the plaintiff inappropriately.  He also alleges that defendant

2

Reid's conduct caused him to urinate on himself in front of another inmate.[3] The plaintiff further alleges that on one occasion when he was walking to the medical unit, he passed defendant Larcen, who pulled him into an available room and began screaming and threatening him. The plaintiff claims that this incident frightened him so much that he stopped going to the medical unit to receive his medication. The plaintiff states that he filed administrative grievances, which were denied, and that prison officials, including defendant Trent, have taken no action to stop the harassment and threats.

### III. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. However, failure to file objections to the magistrate judge's proposed findings and recommendations permits the district court to review the recommendation under the standards that the district court believes are appropriate and, under these circumstances, the parties' right to de novo review is waived. See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Here, no party filed objections. Accordingly, this Court reviews the report and recommendation of the magistrate judge for clear error.

---

[3]At the time of the incident, the plaintiff was taking medication that caused him to lose full control of his bladder and bowel functions.

IV. Discussion

The magistrate judge, in his supplemental report and recommendation, recommended that defendant George Trent be dismissed from this case because the plaintiff fails to state a claim for which relief can be granted against this defendant. The magistrate judge correctly noted that "liability will only lie where it is affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights," Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977), or where a subordinate acts pursuant to a policy or custom for which the supervisor is responsible. Fisher v. Wash. Metro. Area Transit Auth., 690 F.2d 1133, 1143 (4th Cir. 1982), abrogated on other grounds by County of Riverside v. McLaughlin, 500 U.S. 44 (1991).

In this case, the magistrate judge determined that the plaintiff failed to make any specific allegations that defendant Trent was personally involved in any alleged deprivation of the plaintiff's constitutional rights. Thus, the magistrate judge found that the plaintiff fails to state a claim against defendant Trent in his personal capacity.[4]

---

[4] Rule 8(a) of the Federal Rules of Civil Procedure states, in pertinent part, that "[a] pleading that states a claim for relief must contain . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief." "And, although the pleading requirements of Rule 8(a) are very liberal, more detail often is required than the bald statement by plaintiff that he has a valid claim of some type against defendant." Migdal v. Rowe Price-Fleming Int'l, Inc., 248 F.3d 321, 326 (4th Cir. 2001) (citation and internal quotations omitted). This is especially

To the extent that the plaintiff alleges that this defendant is liable in his official capacity, the magistrate judge also determined that the plaintiff fails to state a claim in that respect. An official capacity suit is to be treated as a suit against the entity, here the state. <u>Kentucky v. Graham</u>, 473 U.S. 159, 166 (1985). The state may be liable under § 1983 when "execution of the government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." <u>Id.</u> Here, as the magistrate judge correctly observes, the plaintiff asserts no allegations that the deprivation of his constitutional rights was the result of a policy or custom. Accordingly, the plaintiff's complaint states no claim against the state through his allegations against this defendant in his official capacity.

Finally, to the extent that the plaintiff seeks to name defendant Trent in his supervisory capacity, his claim still must fail, as the magistrate judge correctly concluded. A supervisor may be liable under § 1983 if the following elements are established: "(1) the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a 'pervasive and unreasonable risk' of constitutional injury to

---

true under § 1983 where liability is "personal, based upon each defendant's own constitutional violations." <u>Trulock v. Freeh</u>, 275 F.3d 391, 402 (4th Cir. 2001).

5

citizens like the plaintiff; (2) the supervisor's response to that knowledge was so inadequate as to show 'deliberate indifference to or tacit authorization of the alleged offensive practices;' and (3) there was an 'affirmative casual link' between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff." Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994), cert. denied, 513 U.S. 813 (1994). This Court finds no clear error in the magistrate judge's determination that the plaintiff fails to make any allegations showing the required elements for supervisory liability.

In sum, because the plaintiff fails to state a claim upon which relief can be granted as to defendant Trent, the plaintiff's claims against this defendant, in his personal, official, and supervisory capacities, must be dismissed with prejudice.

## V. Conclusion

For the reasons set forth above, this Court finds that the magistrate judge's recommendation is not clearly erroneous and hereby AFFIRMS and ADOPTS the report and recommendation of the magistrate judge. The plaintiff's claim against defendant Trent is DISMISSED WITH PREJUDICE.

Under Wright v. Collins, 766 F.2d 841, 845 (4th Cir. 1985), the petitioner's failure to object to the magistrate judge's proposed findings and recommendation bars the petitioner from

appealing the judgment of this Court as to the matters addressed in the magistrate judge's report and recommendation.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se plaintiff by certified mail and to counsel of record herein.

DATED:   September 23, 2009

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE