IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**JOHN H. JENKINS,**

        **Plaintiff,**

v.                                                               Civil Action No. 5:08cv173
                                                              (Judge Stamp)

**NORTH CENTRAL REGIONAL JAIL,**
**C/O LARCEN, C/O REID, GEORGE**
**TRENT, JOHN KING, TERRY MILLER**
**AND HENRY ROBINSON,**

        **Defendants.**

## OPINION/REPORT AND RECOMMENDATION

The *pro se* plaintiff initiated this action on November 24, 2008, by filing a civil rights complaint against the above-named defendants pursuant to 42 U.S.C. § 1983. (Dckt. 1). After the plaintiff was granted permission to proceed as a pauper, the undersigned conducted a preliminary review of the file and made the following recommendations:

    (1) the plaintiff's claims against the North Central Regional Jail be dismissed with prejudice for failure to state a claim for which relief may be granted;

    (2) the plaintiff's claims against defendants Miller, King and Robinson be dismissed with prejudice for the failure to state a claim; and

    (3) the plaintiff's claims against defendants Larcen and Reid proceed, and those defendants be served a copy of a summons and complaint.

The plaintiff failed to file any objections to the Report and Recommendation ("R&R), so on

June 30, 2009, the Honorable Frederick P. Stamp, Jr., United States District Judge, affirmed and adopted the R&R in its entirety. Judge Stamp also noted that the R&R did not address the plaintiff's claims against defendant Trent and remanded the complaint to the undersigned for further consideration of the plaintiff's claims against defendant Trent. In accordance with the Order of the District Judge, summonses were issued for defendants Larcen and Reid and those defendants were served process on July 13, 2009.

On July 7, 2009, the undersigned issued a supplemental R&R regarding the plaintiff's claims against defendant Trent. In the supplemental R&R, the undersigned found that the plaintiff failed to allege that defendant Trent was personally involved in any violation of his constitutional rights. Moreover, the undersigned determined that the plaintiff failed to establish the required elements of supervisory liability. Thus, the undersigned recommended that defendant Trent be dismissed with prejudice from this action. The plaintiff failed to file any objection to the supplemental R&R and it was adopted in its entirety on September 23, 2009.

On July 30, 2009, defendants Larcen and Reid filed an answer to the complaint. Consequently, on September 10, 2009, the Court issued a First Order and Notice Regrading Discovery and Scheduling. In that Order, discovery was set to be completed by January 9, 2010, and the dispositive motion filing deadline was set for February 8, 2010. A review of the file on this date appears to show that no discovery has been conducted as neither party has filed a single Certificate of Service related to a discovery request. Moreover, the docket reveals that the Court has been unable to contact the plaintiff since early July 2009. Since that time, all of the plaintiff's mail has

been returned undeliverable[1] from his last known address as shown on the docket. For this reason, the Court reviewed the Bureau of Prisons' inmate locator and discovered that the plaintiff was released from incarceration on June 3, 2009. See www.bop.gov.

It is the plaintiff's obligation to keep the Court apprised of his current address. The failure to do so can result in the dismissal of a case without prejudice for the failure to prosecute. The plaintiff was advised of this fact on November 24, 2008. See Dckt. No. 7 (Notice of General Guidelines for Appearing Pro Se in Federal Court). Because the Court lacks the ability to contact the plaintiff, nor does it have the means to obtain the plaintiff's current address, this case cannot proceed. Accordingly, the undersigned finds that the plaintiff's failure to keep the Court apprised of his current address, or to conduct discovery in this case, shows that the plaintiff no longer wishes to pursue his claims, or has in fact abandoned his claims. Therefore, the undersigned recommends the **DISMISSAL** of the remaining claims **without prejudice** for the failure to prosecute.

Within fourteen (14) days after being served with a copy of this Opinion/Report and Recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections should also be submitted to the Honorable Frederick P. Stamp, Jr., United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

---

[1] The returned envelopes are marked "Return to Sender Refuse Unable to Forward" or Return to Sender Not at FCI-Loretto." See Dckt. Nos. 24, 25, 30, 32.

The Clerk is directed to send a copy of this Opinion/Report and Recommendation to counsel of record via electronic mean and to the plaintiff by certified mail, return receipt requested, to his last known address as shown on the docket.

DATED: March 17, 2010.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE