IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JOHN H. JENKINS,

    Plaintiff,

v.                                               Civil Action No. 5:08CV173
                                                      (STAMP)

NORTH CENTRAL REGIONAL JAIL,
C/O LARCEN, C/O REID,
GEORGE TRENT, TERRY MILLER,
JOHN KING and HENRY ROBINSON,

    Defendants.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING MAGISTRATE
JUDGE'S REPORT AND RECOMMENDATION**

I.  Procedural History

The plaintiff, John H. Jenkins, proceeding pro se[1] and in forma pauperis,[2] filed a complaint on November 24, 2008 pursuant to 42 U.S.C. § 1983. In his complaint, the plaintiff alleges that two correctional officers sexually harassed and threatened him and that other prison officials ignored his complaints when he filed grievances. The case was referred to United States Magistrate Judge John S. Kaull for initial review and recommendation pursuant to Local Rule of Prisoner Litigation Procedure 83.01 et seq. and 28 U.S.C. §§ 1915(e) and 1915A. The magistrate judge issued a report

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1341 (9th ed. 2009).

[2] "In forma pauperis" describes the permission granted to a poor person to proceed without liability for court fees or costs. Black's Law Dictionary 849 (9th ed. 2009).

and recommendation, which this Court affirmed and adopted. In that report and recommendation, the magistrate judge mentioned the plaintiff's claim against defendant George Trent, administrator of the North Central Regional Jail, but did not address that claim. Consequently, this action was remanded to the magistrate judge for consideration of the plaintiff's claim against defendant Trent only. The magistrate judge issued a supplemental report and recommendation recommending that the plaintiff's complaint be dismissed as to defendant Trent, which this Court affirmed and adopted. On July 30, 3009, defendants Larcen and Reid answered the complaint. Thereafter, on September 10, 2009, Magistrate Judge Kaull issued a first order and notice, in which discovery was to be completed by January 9, 2010. The parties were to file dispositive motions by February 8, 2010.

The parties have conducted no discovery and the Court has been unable to contact the plaintiff since July 2009. The Bureau of Prisons ("BOP") inmate locator states that the BOP released the plaintiff on June 3, 2009. The plaintiff has not provided this Court with a current address. On March 17, 2010, Magistrate Judge Kaull issued a report and recommendation, recommending that the plaintiff's complaint be dismissed without prejudice for failure to prosecute.

## II. Facts

In his complaint, the plaintiff alleges that two Correctional Officers, defendants Larcen and Reid, sexually harassed the plaintiff, who is a pre-operative transsexual, in front of other inmates. According to the plaintiff, the harassment by these defendants has caused other inmates to believe that they can touch the plaintiff inappropriately. He also alleges that defendant Reid's conduct caused him to urinate on himself in front of another inmate.[3] The plaintiff further alleges that on one occasion when he was walking to the medical unit, he passed defendant Larcen, who pulled him into an available room and began screaming and threatening him. The plaintiff claims that this incident frightened him so much that he stopped going to the medical unit to receive his medication. The plaintiff states that he filed administrative grievances, which were denied, and that prison officials have taken no action to stop the harassment and threats.

## III. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a <u>de novo</u> review of any portion of the magistrate judge's recommendation to which objection is timely made. However, failure to file objections to the magistrate judge's proposed findings and recommendations permits the district court to review the

---

[3] At the time of the incident, the plaintiff was taking medication that caused him to lose full control of his bladder and bowel functions.

recommendation under the standards that the district court believes are appropriate and, under these circumstances, the parties' right to de novo review is waived. See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Here, no party filed objections. Accordingly, this Court reviews the report and recommendation of the magistrate judge for clear error.

## IV. Discussion

The magistrate judge found that since July 2009, the Court has not been able to contact the plaintiff. All of the plaintiff's mail has been returned undeliverable from his last known address as shown on the docket. After a review of the record in this action, this Court finds that the plaintiff did not keep this Court apprised of his current address. Further, in this Court's Notice of General Guidelines for Appearing Pro Se in Federal Court, sent to the plaintiff on November 24, 2008, this Court warned the plaintiff that failure to notify this Court of his current address could result in the dismissal of his case without prejudice for failure to prosecute. Accordingly, this Court finds that the magistrate judge's report and recommendation is not clearly erroneous.

## V. Conclusion

Because this Court concludes that the magistrate judge's recommendation is without clear error, this Court hereby AFFIRMS and ADOPTS the magistrate judge's report and recommendation in its

entirety.  Accordingly, the plaintiff's civil rights complaint is hereby DISMISSED WITHOUT PREJUDICE for failure to prosecute.  This civil action is hereby DISMISSED and STRICKEN from the active docket of this Court.

Finally, this Court finds that the plaintiff was properly advised by the magistrate judge that failure to timely object to the report and recommendation in this action will result in a waiver of appellate rights.  Because the plaintiff has failed to object, he has waived his right to seek appellate review of this matter.  See Wright v. Collins, 766 F.2d 841, 844-45 (4th Cir. 1985).

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se plaintiff by certified mail and to counsel of record herein.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:    April 5, 2010

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE